**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

STATE OF FLORIDA,

Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,

Defendants.

Case No. 8:24-cv-1041-CEH-NHA

**RESPONSE TO SHOW CAUSE ORDER ON MOOTNESS**

## TABLE OF CONTENTS

BACKGROUND & INTRODUCTION .......... 1

ARGUMENT .......... 3

I. A Notice of Proposed Rulemaking does not moot a challenged agency action. .......... 3

II. The Texas District Court's vacatur of the rule may moot this case. .......... 5

CONCLUSION .......... 7

CERTIFICATE OF SERVICE .......... 8

## INTRODUCTION

On September 8, 2026, this Court ordered the State to show cause why this action should not be "dismissed as moot" based on a Notice of Proposed Rulemaking recently promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) that proposes to vacate the rule challenged by the State. ECF 86. Because that NPRM is not yet a final rule, it does not warrant dismissing this case as moot. A Texas district court's order in another case vacating the challenged rule may cause this case to become moot, but only after the order becomes final. To date, ATF has refused to confirm that it will not appeal the vacatur order.

## BACKGROUND

In 2022, Congress amended federal law to clarify when an individual is "engaged in the business of selling firearms" and must obtain a federal license. *See* Bipartisan Safer Communities Act (BSCA), Pub. L. No. 117–159, sec. 12002, 136 Stat. 1313, 1324 (2022) (amending 18 U.S.C. § 921(a)(21)(C)). The BCSA defines a person who is "engaged in the business" of dealing firearms as an individual who "devotes time, attention, and labor to dealing in firearms as a regular course of trade or

business to predominantly earn a profit through the repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C).

In April 2024, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) promulgated a rule revising the definition of a person "engaged in the business" of dealing firearms. Among other things, the new rule established a presumption that anyone who "represents to potential buyers or otherwise demonstrates a willingness and ability to purchase and resell additional firearms" is "engaged in the business" of dealing firearms. *See* Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968, 29,091 (Apr. 19, 2024).

ATF's rule far exceeded its statutory authority. The Biden Administration even admitted that the rule was meant to bypass Congress and "move the U.S. as close to universal background checks as possible without additional legislation." ECF 13 at ¶¶ 12–14. Florida accordingly brought a suit challenging this rule under the Administrative Procedure Act. *Id.* at ¶¶ 77–89.

After taking office, President Trump issued an executive order announcing a departure from his predecessor's policies on this issue. *See* Exec. Order No. 14206, *Protecting the Second Amendment*, 90 Fed. Reg.

9503 (Feb. 12, 2025). He specifically ordered the Attorney General to review all "[r]ules promulgated by the Department of Justice, by [ATF], from January 2021 through January 2025, pertaining to firearms and/or Federal firearms licensees." *Id.*

In light of the executive order, defendants moved for a stay in this case to "ensur[e] that litigation is focused on enduring agency action and informed by the views of current agency leadership." ECF 55. This Court stayed the case and requested joint status reports every 30 days. ECF 61. The case has remained stayed since.

On May 6, 2026, ATF issued a Notice of Proposed Rulemaking ("NPRM"), in which it proposed to remove the presumptions in the 2024 rule. *See* Revising Regulations Defining "Engaged in the Business" as a Dealer in Firearms, 91 Fed. Reg. 24,424, 24,426–27 (May 6, 2026). On September 8, 2026, this Court ordered the State to show cause why this action should not be "dismissed as moot" based on the NPRM. ECF 86.

## ARGUMENT

### I. A Notice of Proposed Rulemaking does not moot a challenged agency action.

The NPRM is not sufficient to warrant dismissing this case as moot. The NPRM is only a notice of *proposed* rulemaking—it carries no

independent force of law and is not a final agency action. *See Apple Inc. v. Squires*, 166 F.4th 1349, 1356 (Fed. Cir. 2026). It simply is the next step in the notice and comment rulemaking process for federal agencies. *See Apple*, 166 F.4th at 1356 ("As to the notice of proposed rulemaking, the agency action is just a proposal. It has no current effect, and it cannot be reliably predicted what, if any, effect it will come to have.").

A NPRM therefore is insufficient to moot a case challenging the pre-existing rule. *See id.* ("That is enough to avoid mootness based on the proposal."); *Vanscoter v. Sullivan*, 920 F.2d 1441, 1448 (9th Cir. 1990) ("The protracted nature of agency proceedings and the uncertainty as to whether and when the proposed regulation may be adopted preclude a finding of mootness."); *Group Against Smog & Pollution, Inc. v. U.S. Envtl. Prot. Agency*, 665 F.2d 1284, 1291 (D.C. Cir. 1981) (finding that "uncertainty as to when revised regulations will finally be adopted" precluded mootness). Until ATF issues a final rule based on the NPRM, the policies challenged in this case will remain in place. And while the executive order indicates an intent to rescind those policies, they have not yet been formally rescinded. Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025).

## II. The Texas district court's vacatur of the challenged rule in *Texas v. ATF* may moot this case, but only after that order becomes final.

More relevant to the possibility of mootness and dismissal is the fact that a district court in the Northern District of Texas recently issued an opinion vacating the rule at issue in this case. *Texas v. ATF*, No. 2:24-cv-00089, ECF 176 (N.D. Tex. June 12, 2026). Judge Kacsmaryk granted a preliminary injunction, finding that the challenged rule "clashes with the text of the BSCA in at least three ways." He explained that the rule's assertions that there is no "minimum number of firearms to actually be sold," no requirement for "actual profit" from firearm sales, and no safe harbor for "firearms accumulated primarily for personal protection" all violated the text of the BSCA. *Id.*, ECF 70. He then vacated and set aside the "engaged in the business" rule. *Id.*, ECF 176.

If that order becomes final, it would moot this case. But the order will become final only once the time for an appeal has run. *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 333 (1980) ("a decision that is 'final' for purposes of appeal does not absolutely resolve a case or controversy until the time for appeal has run."). If ATF does not appeal, the State of Florida will voluntarily dismiss this action once

the time for appeal has expired and vacatur has become final. The State has reached out to ATF to determine whether they intend to appeal, but ATF has refused to confirm either way. Florida therefore requests that this Court continue the stay at least until the time to appeal has expired in *Texas v. ATF*.

## CONCLUSION

The Court should hold that this case is not moot and continue the stay until the time to appeal has run in *Texas v. ATF*, 2:24-cv-00089, (N.D. Tex. June 12, 2026). If ATF does indeed appeal, the Court should continue the stay until the appeal is resolved.

Respectfully submitted,

September 22, 2026

JAMES UTHMEIER
*Attorney General of Florida*

DAVID M.S. DEWHIRST
*Solicitor General*

*/s/ Nathan A. Forrester*
NATHAN A. FORRESTER
JASON J. MUEHLHOFF
*Chief Deputy Solicitors General*

CALEB A. STEPHENS
*Assistant Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
nathan.forrester@
myfloridalegal.com
jenna.hodges@
myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2026, this brief was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Nathan A. Forrester*
Chief Deputy Solicitor General